**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**GERARDO LEDEZMA-ZUNIGA,**
        **Petitioner,**

**v.**                                        **Civil Action No. 3:18-CV-64**
                                                   **(GROH)**

**JENNIFER SAAD, Warden,**
                **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

## I.    INTRODUCTION

On May 2, 2018, Petitioner, then an inmate at Federal Correctional Institution ("FCI") Gilmer, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition").  ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.  For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

## II.    PROCEDURAL HISTORY

### A.    Petitioner's Conviction and Sentence[2]

On April 28, 2015, in the Southern District of Texas, McAllen Division, Petitioner was charged in a single-count Indictment for Being Found in the United States After

---

[1]  ECF Numbers cited herein refer to Case No. 3:18-CV-64, unless otherwise noted.

[2]  Unless otherwise noted, the facts in sections II.A., II.B., and II.C. refer to the docket in Petitioner's criminal case, docket number 7:15-CR-515 in the Southern District of Texas, McAllen Division, available on PACER.  <u>Philips v. Pitt Cnty. Mem. Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); <u>Colonial Penn. Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239

Previous Deportation, in violation of 8 U.S.C. §§ 1326(a) and (b).  ECF No. 7.  On July 6, 2015, Petitioner entered a guilty plea to the Indictment pursuant to a written plea agreement.  ECF No. 13.  Petitioner was sentenced on September 14, 2015,[3] to imprisonment for a term of 57 months to "run concurrently with the imprisonment term that was imposed when the defendant's term of Supervised Release was revoked in Criminal Docket Number M-08-853-01."  Further, the Court "recommend[ed] that the imprisonment term imposed in the instant offense run concurrently with any imprisonment term that may be imposed if parole is revoked in case# CR-2680-08-E" for a state charge out of Hidalgo County, Texas.  ECF No. 22 at 2.

### B.    Petitioner's Direct Appeal[4]

On October 21, 2015, Petitioner filed a notice of appeal to the Fifth Circuit in that Court's Docket No. 15-41436.  ECF No. 24.  The Federal Public Defender assigned to represent Petitioner in that appeal filed an Anders[5] brief and motion for leave to withdraw because Petitioner's appeal "present[ed] no nonfrivolous issue for appellate review."  ECF No. 32 at 2.  On July 19, 2017, the Fifth Circuit dismissed Petitioner's appeal.  ECF No. 32.

---

(4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3]  Petitioner's sentencing hearing was held on September 14, 2015, but entry of the judgment did not occur until October 3, 2015.

[4]  In the instant § 2241 Motion, Petitioner asserts that he did not directly appeal his judgment of conviction or imposition of the sentence.  ECF No. 1 at 3.

[5]  Anders v. California, 386 U.S. 738 (1967).

**C.       Motions to Vacate, Appeals Thereof, and Other Motions for Relief**

A review of the docket and PACER reveals that Petitioner did not file a motion pursuant to § 2255.[6]

### III.  LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### IV.  ANALYSIS

Petitioner, federal inmate number 38028-179, filed a habeas corpus claim pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas corpus shall not extend to a prisoner unless—(1) [h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." According to the BOP Inmate Locator service,[7] Petitioner was released from BOP custody on May 31, 2019.

This Court lacks jurisdiction because Petitioner is no longer in custody of the United States.  In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94–95

---

[6]  In the instant § 2241 Motion, Petitioner asserts that he filed a § 2255 Motion alleging ineffective assistance of counsel.  ECF No. 1 at 3–4.

[7]  Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

(1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).  Because this Court lacks jurisdiction, this court cannot entertain the petition.

### V.   RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

Because the Petitioner's address on the docket is still listed as FCI Gilmer, the Clerk of the Court is DIRECTED to retain a copy of this Order for Petitioner in the event that he provides a mailing address at some future date.  The Clerk is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:      June 6, 2019

/s/ *Robert W. Trumble*

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE